**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**GEORGE & COMPANY LLC**, a limited
liability company,

       Plaintiff,

    v.

**ROBERT ALLAN HENDRICKSON**, an
individual, **JEREMY ROBERT
POLASTY**, an individual, **SEND IT
SALES LLC**, and various **JOHN DOES**,
**JANE DOES**, and **ABC COMPANIES**,

       Defendants.

_____/

Civil Action No._____

**<u>VERIFIED COMPLAINT</u>**

<u>INJUNCTIVE RELIEF SOUGHT</u>

Plaintiff GEORGE & COMPANY LLC, a  limited liability company with a principal place

of business located at Bonita Springs, Florida (hereinafter "Plaintiff" or "George & Company") by

and through its undersigned counsel, hereby files this Complaint against Defendants ROBERT

ALLAN HENDRICKSON, an individual, JEREMY ROBERT POLASTY, an individual, SEND

IT SALES LLC, a limited liability company, and various JOHN DOES, JANE DOES, and ABC

COMPANIES (hereinafter collectively referred to as "SEND IT SALES Defendants"), for

Counterfeiting, Federal Trademark Infringement, Federal Unfair Competition, Federal False

Designation of Origin and False Description, Passing Off, Federal False Advertising, Copyright

Infringement, Florida Unfair Competition, False Designation of Origin and False Description, Florida Trademark Infringement, and Unjust Enrichment and alleges:

## JURISDICTION

1.      This is a Verified Complaint for Counterfeiting, Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin and False Description, Passing Off, Federal False Advertising, Copyright Infringement, Florida Unfair Competition, False Designation of Origin and False Description, and Unjust Enrichment.

2.      This Court has original jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a), 15 U.S.C. §1125, and the principles of pendent jurisdiction.

3.      The matter in controversy exceeds, exclusive of interest and costs, the sum of **five million dollars ($5,000,000.00)**.

4.      Venue is set forth in this judicial district, and in this division, pursuant to 28 U.S.C. §§1391 and 1400(a) in that Plaintiff's claim arises in this district and division.

## NATURE OF THE ACTION

5.      Plaintiff George & Company LLC, a world-renowned game company and the owner and distributor of the original award winning LCR® and LCR LEFT! CENTER! RIGHT!® dice game, files this Complaint against Defendants for Counterfeiting, Federal Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin and False Description, Federal False Advertising, Copyright Infringement, Passing Off,  Florida Unfair Competition, False Designation of Origin and False Description, and Unjust Enrichment.

## THE PARTIES

6.     Plaintiff George & Company is a limited liability company with principal place of business located at Bonita Springs, Florida 34135.

7.     Defendant Send It Sales LLC, is a limited liability company improperly transacting business in the State of Florida through, among other things, counterfeit and infringing acts and merchandise.

8.     Defendant JEREMY ROBERT POLASTY, upon information and belief, is an individual, and is a conscious, active, and dominant force behind the illegal acts of the Defendants set forth herein and acted in concert with the other Defendants to cause the wrongs which are the subject of this action.

9.     Defendant ROBERT ALLAN HENDRICKSON, upon information and belief, is an individual, and is a conscious, active, and dominant force behind the illegal acts of the Defendants set forth herein and acted in concert with the other Defendants to cause the wrongs which are the subject of this action.

10.     Defendants various JOHN DOES, JANE DOES, and ABC COMPANIES, upon information and belief, are individuals and/or business entities who, along with the other herein named Defendants, have engaged in the unauthorized and illegal acts complained of herein.  The identities of these unnamed Defendants and the details of their legal associations with the named Defendants herein presently are not and cannot be known to Plaintiff, in large part because they have concealed their identities from public disclosure.

11.     Upon information and belief, all Defendants, either individually and/or acting by and through their principals, officers, agents, employees and other active, conscious and dominant forces behind their activities have committed the acts complained of herein in commerce.

**PLAINTIFF AND ITS POPULAR
LCR® and LCR LEFT! CENTER! RIGHT!® DICE GAMES**

12.     Plaintiff George & Company is a highly respected, fourth generation family owned business, and the original innovator and maker of the authentic, popular, award-winning LCR® and LCR LEFT! CENTER! RIGHT!®  dice games.  Plaintiff George & Company alone invented and created this worldwide best-selling game, known and loved by consumers of all ages and walks of life.

13.     Plaintiff George & Company's products are well known to the public, iconic and highly recognizable, including the following familiar examples:















14.    Plaintiff George & Company has marketed and sold dice, dice games, party games, board games, card games, and/or related entertainment products to the public for more than a century, with the LCR® and LCR LEFT! CENTER! RIGHT!® dice game being its most popular

Page 7

and successful game.

15.    Plaintiff George & Company's efforts and accomplishments have made it a well-known and recognized name in the game and related entertainment product industries.  George & Company has earned its enviable reputation as a result of its commitment to providing the highest quality goods and products.

16.    Plaintiff George & Company's LCR® AND LCR LEFT! CENTER! RIGHT!® dice game is distributed and sold throughout the United States and abroad under one or more of George & Company's Marks including the LCR® and LCR LEFT! CENTER! RIGHT!® brands.

17.    Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is a best-selling product, with multiple millions of units of the game having been sold by Plaintiff.

18.    Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® dice game is exceedingly popular and commercially successful.  Plaintiff George & Company's game has been featured on, among many other shows and publications,  the "Rachael Ray Show", including www.rachaelrayshow.com and televised nationally on the ABC television network. The well-known *TDmonthly Magazine*, a trade magazine for the toy, hobby, game and gift industry, has listed George & Company's game as one of the "Top 10 Most Wanted Games," and retailers often identify George & Company's dice game as their "No. 1" and "biggest" seller.   George & Company's dice game is featured often in other awards, "best of", "top games", and appears in popular culture such as television shows and series.  Recently, the dice game was featured on the Today Show live broadcast with Hoda Kotb and Jenna Bush as one of  "The Best Board Games for Adults 2020".

19.    As a result of Plaintiff George & Company's unceasing and wildly successful

efforts, the LCR® and LCR LEFT! CENTER! RIGHT!® dice game has been known and loved throughout the world for decades, by people of all ages.  For over a century, George & Company is and has been a highly respected and family owned business, having invented, created, manufactured, launched and continuously supplied one of the most successful games in history. George & Company has done this all within the same, longstanding, family business which dedicates itself to this high quality and original and authentic game.

20.     As a result of decades of hard work and dedication, Plaintiff George & Company's LCR® and LCR LEFT! CENTER! RIGHT!® original and authentic dice game has become a classic.

21.     George's & Company's high-quality game remains today, as it has always been, the **one and only original authentic** LCR® and LCR LEFT! CENTER! RIGHT!® dice game.

<u>PLAINTIFF GEORGE & COMPANY'S TRADEMARK RIGHTS</u>

22.     George & Company LLC is the owner of all right, title and interest in and to the **trademarks** set forth below, among many others:

- U.S. Trademark Reg. No. 2802321 for **LCR** and design (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)



- U.S. Trademark Reg. No. 2989658 for **LCR** (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)

- U.S. Trademark Reg. No. 3801144 for **GEORGE & CO. GAMES SINCE 1919** design (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)



- U.S. Trademark Reg. No. 4053314 for **GEORGE & CO. GAMES SINCE 1919** design (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)



- U.S. Trademark Reg. No. 3854443 **PLAY LCR WITH CHIPS OR WHATEVER MAKES IT FUN FOR YOU** design (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)

- U.S. Trademark Reg. No. 3922749 **PLAY LCR WITH CHIPS OR WHATEVER MAKES IT FUN FOR YOU** design (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)

- U.S. Trademark Reg. No. 3917337 for **LCR** (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)

- U.S. Trademark Reg. No. 3917401 for **LCR** (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)

- U.S. Trademark Reg. No. 4002630 for **LCR and design** (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)



- U.S. Trademark Reg. No. 4006384 for **LCR** (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)

- U.S. Trademark Reg. No. 4229002 for **LCR LCR LCR and design** (including the product configuration shown below) (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act):



;

- U.S. Trademark Reg. No. 4119570 for **LCR** design (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)



- U.S. Trademark Reg. No. 4132929 for **LCR** design (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)

- U.S. Trademark Reg. No. 4201291 for **LCR** design (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act)



- U.S. Trademark Reg. No. 4419874 for **LCR WILD** (a registration which has become <u>incontestable</u> pursuant to the federal Trademark Act);

Page 11

- U.S. Trademark Reg. No. 4519608 for **LCR LEFT! CENTER! RIGHT!**



- U.S. Trademark Reg. No. 4519607 for **LEFT, CENTER, OR RIGHT – DON'T LOSE YOUR CHIPS!**

- U.S. Trademark Reg. No. 5091343, LCR LEFT! CENTER! RIGHT!



- U.S. Trademark Reg. No. 5091344, LEFT, CENTER, OR RIGHT – DON'T LOSE YOUR CHIPS!

as well as many other related marks, including common law marks, all with longstanding and prior use, covering a variety of goods and services, including without limitation dice games, party games and board games featuring specially marked dice and chips, and many related goods and services (hereinafter, collectively referred to as "Plaintiff's LCR® and LCR LEFT! CENTER! RIGHT!® Family of Marks" or "Plaintiff's Marks").

23.    LCR® and LCR LEFT! CENTER! RIGHT!® Family of Marks are well-known to the public, legally valid, and subsisting, and owned exclusively by Plaintiff.

24.    Plaintiff George & Company's dice game has been widely advertised and extensively offered for sale under Plaintiff's Marks. As a result of George & Company's widespread and extensive use of Plaintiff's Marks, and the public's widespread and favorable

acceptance and recognition of them, Plaintiff's Marks have become assets of substantial value as a symbol of George & Company, its quality goods, goodwill, and reputation.

25. Plaintiff George & Company enjoys considerable success and an enviable reputation in its industry and trade due in large part to its use of, and rights in, Plaintiff's Marks.

26. Plaintiff George & Company has invested significant resources advertising and promoting its dice game using Plaintiff's Marks in order to achieve the success it now enjoys. As a result of George & Company's investment, Plaintiff's Marks have become synonymous with high-quality goods in its industry and related fields. George & Company dice game has become well known and is in great demand throughout the U.S. and the world.

27. Plaintiff George & Company's Marks have been extensively and continuously advertised and promoted to the public through various means, including, but not limited to, appearances at toy shows, displays in retail stores, and on the internet. Further, George & Company's game and Plaintiff's Marks have received unsolicited third-party recognition and acclaim.

28. As a result of such advertising and attention, the public has come to recognize Plaintiff George & Company's dice game bearing Plaintiff's Marks as originating solely from George & Company.

## PLAINTIFF GEORGE & COMPANY'S COPYRIGHTS

George & Company LLC is the owner of all right, title and interest in and to the

**copyright** in the following, among others:

- U.S. Copyright Reg. No. 3437323 (LCR game);

- U.S. Copyright Reg. No. 1365197:



- U.S. Copyright Reg. No. 1358243:



## DEFENDANTS AND THEIR WRONGFUL ACTS

29.    On or about March 19, 2019, Defendants caused to be placed and published various advertisements offering to sell counterfeit product of Plaintiff's famous genuine authentic LCR LEFT CENTER RIGHT dice game (hereinafter the "Counterfeit Infringing Dice LCR LEFT CENTER RIGHT Knock Off" or "Counterfeit Product").

30.    Defendants did sell and profit from resulting sales of Counterfeit Infringing Dice LCR LEFT CENTER RIGHT Knock Off, including distributing the Counterfeit Product in this District and Division.

31.    One or more of the Defendants were contacted by Plaintiff and requested to cease and desist their illegal acts.

32.    Defendants provided false and misleading assurances to Plaintiff that the Defendants would cease all illegal acts.

33.     Defendants (1) are the source of, responsible for, the below advertising and product importation, distribution, and/or sales (2)  are using unauthorized images of Plaintiff's actual game, (3) are using Plaintiff's federally registered marks illegally, (4) are falsely asserting to the public that these products and images are their own, (5) are falsely suggesting an affiliation, sponsorship or connection with Plaintiff, the only true, genuine and authentic source of the LCR® game, (6), were aware of George & Company's products and are willful, ongoing infringers  and (7) have continued one or more of these wrongs long after having been notified by Plaintiff::



| **Plaintiff's** | **Defendants'** |
|---|---|
| (**Plaintiff's** Copyright Image and Branded Packaging) | (**Defendants'** counterfeit and infringing image) |

Page 16















## The Defendants' Subsequent Efforts at Defacement and Obfuscation



Plaintiff's

(**Plaintiff's** Copyright Image and Branded Packaging)

Defendants'

(**Defendants'** counterfeit and infringing image with illegal defacement of Registered Mark)

Page 20















34.    Presently, the Defendants continue their infringing acts as set forth below, taken from a current Amazon listing for which the Defendants are responsible:



35.    Defendants' acts as alleged herein are likely to cause, and/or do cause, confusion among the public and specifically the relevant consuming public.

**Injury To Plaintiff And The Public**

36.    Defendants' acts as set forth herein are likely to cause (and do cause) confusion, mistake, and deception as to the source or origin of Plaintiff's goods with Defendants, their activities, and their goods, and is likely to falsely suggest (and has already falsely suggested) a sponsorship, connection, license, or association between Plaintiff and Defendants. This confusion, mistake, and deception will immediately and irreparably injure and tarnish the goodwill and reputation that Plaintiff has diligently labored to establish in its goods and business.

37. Defendants' activities have caused and, if not enjoined, will continue to cause irreparable harm to Plaintiff and its rights, including, but not limited to, injuring its business reputation and the distinctive quality of Plaintiff's Marks.

38. Defendants' unauthorized acts are designed to divert, and will have the result of diverting, customers from Plaintiff to Defendants.

39. Defendants have been unjustly enriched as a result of their unauthorized use of the Infringing Marks.

40. Defendants' activities have caused and, if not enjoined, will continue to cause irreparable harm to the public, who has an interest in being free from confusion, mistake, and deception.

41. Plaintiff has suffered irreparable damage and no adequate remedy at law.

## COUNT I

### Product Counterfeiting
### (Lanham Act, 15 U.S.C. §1116(d))

42. Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

43. This Count I is a claim against all Defendants for violation of Section 15 U.S.C. §1116(d).

44. Defendants' acts, as alleged herein, constitute counterfeiting of Plaintiff's LCR Marks, as defined by and in violation of 15 U.S.C. § 1116(d), et seq.

45. Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

46. As a result, Plaintiff has suffered damages with interest.

47.     Plaintiff has no adequate complete remedy at law.

## COUNT II

### Federal Trademark Infringement
### (Lanham Act, 15 U.S.C. §§ 1114, 1115, 1117)

48.     Plaintiff's rights as set forth above in this Complaint are the basis, in part, for this Count.

49.     This Count II is a claim against all Defendants for federal trademark infringement.

50.     Without Plaintiff's consent, Defendants are advertising and plan to use in commerce a reproduction, copy, and colorable imitation of Plaintiff's Registered Marks in connection with the sale, offering for sale, distribution, and advertising of goods, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of the Lanham Act, 15 U.S.C. § 1114, 1115, 1117.

51.     Defendant's false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

52.     The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

53.     By publishing, utilizing, and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's goods so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's goods.

54.     Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's goods, intended to and did trade on the goodwill associated with Plaintiff's goods and

have misled and will continue to mislead the public into assuming that Plaintiff's goods are inferior to Defendants' goods.

55.     The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's goods, and constitutes utilizing false descriptions or representations in commerce.

56.     The unauthorized use of the false, misleading, and deceiving advertisement causes irreparable injury to Plaintiff, including injury to its business reputation and/or dilution of the distinctive quality of the Plaintiff's goods.

57.     Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods.

58.     Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's goods or commercial activities.

59.     Defendants' unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's reputation.

60.     Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §§1114, 1115 and 1117.

61.     Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any

gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

62.     Defendants' acts as alleged herein have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

63.     As a result, Plaintiff has suffered damages with interest.

64.     Plaintiff has no adequate complete remedy at law.

## COUNT III

### Federal Unfair Competition
### Federal False Designation of Origin and False Description
### Passing Off
### (Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

65.     Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

66.     This Count III is a claim against all Defendants for violation of Section 43 (a) of the Lanham Act.

67.     Defendants are advertising and plan to use in commerce a word, term, name, and false designation of origin that, in connection with their commercial activities, is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval of Defendants' goods by Plaintiff, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

68.     Defendant's false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

Page 29

69. The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

70. By publishing, utilizing, and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Plaintiff's goods so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Plaintiff's goods.

71. Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's goods, intended to and did trade on the goodwill associated with Plaintiff's goods and have misled and will continue to mislead the public into assuming that Plaintiff's goods are inferior to Defendants' goods.

72. The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Plaintiff's goods, and constitutes utilizing false descriptions or representations in commerce.

73. The unauthorized use of the false, misleading, and deceiving advertisement causes irreparable injury to Plaintiff, including injury to its business reputation and/or dilution of the distinctive quality of the Plaintiff's goods.

74. Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods.

75. Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's goods or commercial activities.

76.     Defendants' unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's reputation.

77.     Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §1125(a).

78.     Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as alleged herein.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

79.     Defendants' acts as alleged herein constitute unfair competition which is likely to cause confusion, mistake or deception in violation of 15 U.S.C.§1125(a), have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

80.     As a result, Plaintiff has suffered damages with interest.

81.     Plaintiff has no adequate complete remedy at law.

## COUNT IV

### Federal False Advertising
### (15 U.S.C. §1125(a)(1)(b))

82.     Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

83.     This Count IV is a claim against all Defendants for Federal False Advertising, in violation of 15 U.S.C. §1125(a)(1)(b)).

84.     Defendants' acts, as alleged herein, including the advertising, publishing, utilizing, displaying and distributing of the Infringing Mark, as well as Defendants' use of the Infringing Mark while having notice of Plaintiff's rights, constitute federal false advertising, which is causing, or is likely to cause, confusion, mistake, deception, and/or misrepresentation, in violation of 15 U.S.C. §1125(a)(1)(b).

85.     As a result, Plaintiff has suffered damages with interest.

86.     Plaintiff has no adequate complete remedy at law.


## COUNT V

### Copyright Infringement
### 17 U.S.C. §101 et seq
U.S. Copyright Reg. No. 3437323 (LCR game)

87.     Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

88.     This is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

89.     By Defendants' acts, as alleged herein, including by copying the game protected by U.S. Copyright Reg. No. 3437323 (LCR game), Defendants have infringed Plaintiff's copyrights therein with respect to Defendants' widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of the copyright protected work set forth herein and constitutes copyright infringement in violation of 17 U.S.C. §101 et seq.

90.    As a result, Plaintiff has suffered damages with interest.

91.    Plaintiff has no adequate complete remedy at law.

## COUNT VI

### Copyright Infringement
### 17 U.S.C. §101 et seq
U.S. Copyright Reg. No. 1365197

92.    Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

93.    This is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

94.    By Defendants' acts, as alleged herein, including by copying the material protected by U.S. Copyright Reg. No. 1365197, Defendants have infringed Plaintiff's copyrights therein with respect to Defendants' widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of the copyright protected work set forth herein and constitutes copyright infringement in violation of 17 U.S.C. §101 et seq.

95.    As a result, Plaintiff has suffered damages with interest.

96.    Plaintiff has no adequate complete remedy at law.

## COUNT VII

### Copyright Infringement
### 17 U.S.C. §101 et seq
U.S. Copyright Reg. No. 1358243

Page 33

97.     Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

98.     This is a claim against all Defendants for violation of Section 17 U.S.C. §101 et seq., the Copyright Act.

99.     By Defendants' acts, as alleged herein, including by copying the photograph protected by U.S. Copyright Reg. No. 1358243, Defendants have infringed Plaintiff's copyrights therein with respect to Defendants' widespread and unauthorized use, adaptation, copying, derivation, display, modification, reproduction, and/or distribution of the copyright protected work set forth herein and constitutes copyright infringement in violation of 17 U.S.C. §101 et seq.

100.    As a result, Plaintiff has suffered damages with interest.

101.    Plaintiff has no adequate complete remedy at law.

## COUNT VIII

**Florida Unfair Competition
False Designation of Origin
False Description
(Florida Statutes)**

102.    Plaintiff's rights as set forth above in this Complaint are the basis, in part for this Count.

103.    This Count VIII is a claim for unfair competition, false designation of origin and false description against all Defendants under Florida law, including  Florida Statutes.

104.    Defendants have engaged in the transaction of business and the commission of tortious acts in Florida and are subject to the jurisdiction of this Court pursuant to Florida Statutes.

105.    Defendants' acts, as alleged herein, including the publishing, utilizing, displaying and distributing of the Infringing Mark, as well as Defendants' use of the Infringing Mark while having notice of Plaintiff's rights, constitute unfair competition, a false designation of origin, a false and misleading description of fact or a false or misleading representation of fact, in violation of Florida law.

106.    Defendants' false, misleading and deceiving advertising is, and will be, without permission or authority of Plaintiff.

107.    The misleading advertising has been used by the Defendants and offered to the public utilizing this District and division as a forum for Defendants' illegal activities.

108.    By publishing, utilizing, displaying and distributing this advertising, Defendants have misrepresented and falsely described to the general public the origin, sponsorship or approval of Defendants' goods and services so as to create the likelihood of confusion, or cause mistake, or misrepresent the nature, characteristics, and/or qualities of Defendants' goods and services.

109.    Defendants, upon information and belief, with full knowledge of the notoriety of Plaintiff's goods and services, intended to and did trade on the goodwill associated with Plaintiff's goods and services and have misled and will continue to mislead the public into believing that Defendants' goods and services are associated with Plaintiff's goods and services.

110.    Plaintiff's Marks are inherently distinctive and have acquired distinctiveness.

111.    Defendants' advertising and intended use of the Infringing Marks, all occurring after Plaintiff's Marks acquired distinctiveness, misrepresent the source, sponsorship, approval, affiliation, connection, and/or association of Defendants' goods and commercial activities; and constitute deception, fraud, unfair competition, and/or misrepresentation.

112.    The use by Defendants of the false, misleading and deceiving advertising constitutes knowing use of a false designation of origin and a false description or representation that wrongly and falsely designates the origin, sponsorship or approval of Defendants' goods and services, and constitutes utilizing false descriptions or representations in commerce.

113.    The unauthorized use of the false, misleading, and deceiving advertising causes irreparable injury to Plaintiff, including injury to its business reputation.

114.    Defendants' misleading advertising has caused and is likely to continue to cause damage to Plaintiff by tarnishing the valuable reputation and image associated with Plaintiff and its goods and services.

115.    Such acts of Defendants permit and accomplish confusion, and mislead the public as to the origin, sponsorship, or approval of Plaintiff's goods and services or commercial activities.

116.    Defendants' unlawful activity results in irreparable harm and injury to Plaintiff. Among other harms, it: deprives Plaintiff of its absolute right to determine the manner in which its goods are presented to the general public; confuses the public as to the origin, sponsorship or approval of such goods; and irreparably harms and injures Plaintiff's valuable reputation.

117.    Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further acts in violation of Florida Statutes.

118.    Plaintiff is further entitled to recover from Defendants the damages, including treble damages, interest and attorney fees and costs, it has sustained and will sustain, and any gains, profits, and advantages obtained by Defendants as a result of Defendants' acts as

alleged herein.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiff.

119.   Defendants' acts as alleged herein, in violation of Florida Statutes, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

120.   As a result of the Defendants' acts, Plaintiff has suffered damages, with interest.

121.   Plaintiff has no adequate complete remedy at law.

## COUNT IX

## Unjust Enrichment

122.   Plaintiff's rights as set forth above in this Verified Complaint are the basis, in part for this Count.

123.   If Defendants are allowed to retain the benefits gained through their infringing acts, without compensation to Plaintiff, Defendants are each and all unjustly enriched.

124.   Defendants' acts, as alleged herein have caused irreparable injury and damages to Plaintiff and unless restrained will continue to do so.

125.   As a result, Plaintiff has suffered irreparable harm and damages.

126.   Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff GEORGE & COMPANY LLC requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.      an Order declaring that Defendants' actions and their use of the Infringing Marks infringes Plaintiff's Marks, and constitutes trademark infringement, false designation of origin, unfair competition, and misappropriation under federal and/or state law, as detailed above.

B.      an Order preliminarily and permanently enjoining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, dealers, related companies, and all persons in active concert or participation with them:

i.      from using any name, mark, domain name, source-identifier, or designation comprised of or containing any of Plaintiff's Marks, or  any other confusingly similar name, mark, domain name, source-identifier, or designation in any manner likely to cause confusion with Plaintiff's Marks, or to otherwise cause injury to Plaintiff and/or its reputation; and

ii.     from representing, by any means whatsoever, directly or indirectly, that Defendants, their goods or services, and/or their activities originate from, are sponsored by, or are associated, affiliated, or connected with Plaintiff in any way.

C.      an Order excluding the importation of all goods, packaging, product displays, literature, advertisements, marketing and promotional materials, and any other materials bearing the Infringing Marks or any confusingly similar variation, pursuant to 15 U.S.C. § 1124 and other applicable laws.

D.      an Order prohibiting any and all bait and switch advertising and sale of goods in which Plaintiff's products are shown online or in catalogs, or any other manner, to customers and Defendant's inferior products are shipped when orders are placed for

Plaintiff's products.

E.      an Order requiring Defendants to destroy all goods, packaging, product displays, literature, advertisements, marketing and promotional materials, and any other materials bearing the Infringing Marks or any confusingly similar variation, regardless of form, that are in, or come to be in, Defendants' possession, custody, or control.

F.      an Order requiring Defendants to account for and pay to Plaintiff all profits arising from Defendants' unlawful acts and that such profits be increased, pursuant to 15 U.S.C. § 1117 and other applicable laws.

G.      an Order requiring Defendants to pay Plaintiff damages, in an amount to be determined, resulting from Defendants' unlawful acts and that such damages be trebled, pursuant to 15 U.S.C. § 1117 and other applicable laws.

H.      an award of statutory, punitive, exceptional or enhanced damages, including under 17 U.S.C. §504(c), and §504(c)(2);

I.      an Order requiring Defendants to pay Plaintiff's costs and attorneys' fees in this action, pursuant to 15 U.S.C. § 1117 and other applicable laws.

J.      such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ JENNIFER L. WHITELAW
JENNIFER L. WHITELAW
WHITELAW LEGAL GROUP
Trial Counsel for Plaintiff
**GEORGE & COMPANY LLC**
Florida Bar No. 0938629
3838 Tamiami Trail North, Third Floor

Page 39

Naples, Florida 34103
Telephone:  239-262-1001
Facsimile:  239-261-0057
Email: usdcmail@whitelawfirm.com

## VERIFICATION

I declare under penalty of perjury that I have read the foregoing Verified Complaint and that the same is true and correct.

Executed on   5/28/20

GEORGE & COMPANY LLC
Peter Smilanich, President